[847 NYS2d 472]

In the Matter of KEVIN J. SHORTALL, an Attorney, Resignor.

Second Department, December 18, 2007

## APPEARANCES OF COUNSEL

*Kevin J. Shortall,* Goshen, resignor pro se.

*Gary L. Casella,* White Plains (*Faith Lorenzo* of counsel), for Grievance Committee for the Ninth Judicial District.

## OPINION OF THE COURT

Per Curiam.

Kevin J. Shortall has submitted an affidavit dated May 29, 2007, wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Shortall was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Third Judicial Department on June 25, 1991.

Mr. Shortall avers that his resignation is made voluntarily, free from coercion and duress, and with a full awareness of the implications of its submission. He is aware of a pending investigation by the Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) into allegations of professional misconduct concerning his handling of a legal matter without adequate preparation, engaging in conduct prejudicial to the administration of justice, and conduct which adversely reflects on his fitness to practice law. Mr. Shortall acknowledges his inability to defend himself against any charges predicated upon the aforesaid allegations.

Mr. Shortall is aware that the Court, in any order permitting him to resign, could require him to make monetary restitution to any persons whose money or property was misappropriated or misapplied or to reimburse the Lawyers' Fund for Client Protection for the same. Mr. Shortall is aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him. He specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee supports acceptance of Mr. Shortall's affidavit of resignation as in the best interest of the public. The Grievance Committee submits that, after its extensive investigation, there exists substantial evidence that Mr. Shortall has engaged in various acts of misconduct. The Grievance Committee believes that Mr. Shortall's resignation is the most expeditious way to conclude this matter in order to save the Court time and expense while protecting the public.

Inasmuch as the proffered resignation complies with the requirements of 22 NYCRR 691.9, it is accepted, and effective immediately, Kevin J. Shortall is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., MILLER, SCHMIDT, CRANE and BALKIN, JJ., concur.

Ordered that the resignation of Kevin J. Shortall is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Kevin J. Shortall is disbarred, and his name is

stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Kevin J. Shortall shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Kevin J. Shortall is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the resignor, Kevin J. Shortall, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the resignor shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).